UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 12, 2024

## SCHEDULING ORDER

Re:   **Dr. Reddy's Laboratories Inc. v. Amarin Pharma, Inc., et al.**
      **Civil Action No. 21-10309 (RK);**
      **In re: Vascepa Antitrust Litigation Indirect Purchaser Plaintiffs**
      **Civil Action No. 21-12061 (RK);**
      **In re: Vascepa Antitrust Litigation Direct Purchaser Plaintiffs**
      **Civil Action No. 21-12747 (RK);**
      **Hikma Pharmaceuticals USA, Inc. v. Amarin Pharma, Inc., et al.**
      **Civil Action No. 23-1016 (RK)**

Dear Counsel:

Please be advised that the following schedule shall govern this matter:

1. Initial Disclosures pursuant to FED.R.CIV.P. 26 have been made.

2. Any motion to amend the pleadings or to add parties must be filed by **September 1, 2024**.

3. The Court shall conduct a telephone conference in the matters on **June 24, 2024, at 10:00 a.m.** Dial-in information for the conference shall be circulated by the Court at a later date.

4. Counsel and *pro se* parties will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion. No discovery motion will be entertained absent the parties' full compliance with L.Civ.R. 37.1(a)(1); *see also* L.Civ.R. 16.1(f).

5. Any discovery or case management dispute will be brought to the attention of the United States Magistrate Judge. L.Civ.R. 37.1(a)(1); *see also* L.Civ.R. 16.1(f).

6. All fact discovery shall be completed no later than **November 1, 2024**.

7. The Court finds that it is premature to set the remaining schedule, including a class certification briefing schedule. Defendants' pending Motion to Strike Class Action Allegations (*21-12747 (RK) In re: Vascepa Antitrust Litigation Direct Purchaser Plaintiffs*; Docket Entry No. 64)—and the District Court's decision regarding same—may impact the remaining schedule, including the appropriateness of class certification. The remaining schedule therefore shall be determined on a later date.

8. IPPs/DPPs move for class certification and serve any supporting expert reports: **to be determined on a later date.**

9. Defendants oppose class certification and serve opposing expert reports: **to be determined on a later date.**

10. IPPs/DPPs file reply in support of class certification and service of rebuttal class certification experts: **to be determined on a later date.**

11. Plaintiff to serve merits expert report: **to be determined on a later date.**

12. Defendants to serve opposing merits expert reports: **to be determined on a later date.**

13. Plaintiffs to serve reply merits expert reports, if any: **to be determined on a later date.**

14. Deadline to depose merits experts: **to be determined on a later date.**

15. Summary judgment/Daubert motions: **to be determined on a later date.**

16. Summary judgment/Daubert oppositions: **to be determined on a later date.**

17. Summary judgment/Daubert replies: **to be determined on a later date.**

18. A settlement conference will be scheduled on **a date to be later set by the Court**. Trial counsel and clients with full settlement authority must be present **IN PERSON** at the conference. Any failure in this regard may result in the imposition of sanctions.

19. A Final Pretrial Conference shall be held before the undersigned on **a date to be later set by the Court**.

20. At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone.

21. Trial date **to be determined by the Court**.

22. The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiffs no later than ten (10) days before the date of the pretrial conference to:

    a. discuss settlement;

    b. stipulate to as many facts and issues as possible;

    c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d. examine all exhibits and documents proposed to be used at trial;

    e. complete all other matters which may expedite both the pretrial and trial of the case;

    f. submit an original and one copy of the proposed Final Pretrial Order at least (5) days in advance of the conference; and

    g. affix appropriate markers to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above; each marker will bear the number of the exhibit to which it is affixed.

23. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order and must comply with L.Civ.R. 5.3.

24. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of the parties.

25. Since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

26. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

27. The parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the parties.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies and small objects.  For further information, please contact the Courtroom Deputy John Moller.

28. An original copy of any letter memoranda that is faxed or emailed to Chambers should NOT be mailed to Chambers, unless specifically advised otherwise.  All proposed orders and letter memoranda emailed to Chambers should be in Microsoft Word format and emailed to: tjb_orders@njd.uscourts.gov.  Any letter may be faxed to (609) 989-0435. Any filings with the Clerk of the Court should be in PDF format.

29. Counsel MUST NOT file correspondence, including discovery or status letters, via CM/ECF unless instructed by the Court.  Chambers will not receive notice of any such postings. If Counsel wish to have correspondence entered onto the Court docket, they may include this request in the correspondence to the undersigned.

30. Counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop and printer access, copier, and facsimile.

**IT IS SO ORDERED.**

                                                                               s/ Tonianne J. Bongiovanni
                                                             **TONIANNE J. BONGIOVANNI**
                                                             **United States Magistrate Judge**