**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. REDDY'S LABORATORIES INC., | Docket No.: 21-10309 (RK)(TJB) |
| Plaintiff, | |
| | **(Filed electronically)** |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |
| IN RE: VASCEPA ANTITRUST LITIGATION | Master Docket No.: 21-12061 (RK)(TJB) |
| HIKMA PHARMACEUTICALS USA INC., | Docket No.: 23-01016 (RK)(TJB) |
| Plaintiff, | |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |
| TEVA PHARMACEUTICALS USA INC., | Docket No.: 24-04341 (RK)(TJB) |
| Plaintiff, | |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |

| | |
|---|---|
| APOTEX INC., | |
| Plaintiff, | Docket No.: 24-07041 (RK)(TJB) |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AMARIN CORPORATION PLC, KD PHARMA-BEXBACH GMBH, KD SWISS GMBH, MARINE INGREDIENTS, LLC, INNOVA SOFTGEL, LLC, 03 HOLDING GMBH, AND CAPITON AG, | |
| Defendants. | |
| This Document Relates to: *All Actions* | **AMENDED CONFIDENTIALITY ORDER** |

WHEREAS, the Plaintiffs and the Defendants in the above-captioned Action (each a "Party," collectively the "Parties"), by and through their respective counsel, have stipulated, pursuant to Fed. R. Civ. P. 26(c), to the entry of the following amended confidentiality order ("Confidentiality Order");

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Confidentiality Order shall govern the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and any other information or material, and the contents thereof, produced, given or exchanged by and among the parties and any non-parties to this Action (whether by formal process, agreement or otherwise) (together "Discovery Materials") in connection with discovery in this Action; and good cause appearing for the entry of this Confidentiality Order,

IT IS THIS 2nd day of January, 2025

2

ORDERED as follows:

1. **<u>Definitions</u>**

    A.  As used in this Order:

        i.        "Action" means the above-captioned actions pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

        ii.        "Confidential Information" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3.

        iii.        "Disclose" means show, divulge, reveal, produce, send, provide, share describe, transmit, or otherwise communicate, in whole or in part, and "Disclosure" means the act of disclosing.

        iv.        "Discovery Material" shall have the meaning specified in Section 2(A).

        v.        "Document(s)" shall have the meaning and scope contemplated by Fed. R. Civ. P. 34(a).

        vi.        "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

        vii.        "In-House Counsel" means attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel or any other outside counsel.

        viii.        "Outside Counsel" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

ix.      "Party" means any natural person(s), partnership, corporation, association, or other legal entity named in this Action.

x.      "Person(s)" means any natural person(s), corporate or business entity, partnership, association, joint venture, governmental entity, or trust.

xi.      "Producing Party" means a Party or Third Party that produces Discovery Material in this Action.

xii.      "Receiving Party" means a Party that receives Discovery Material from a Producing Party in this Action.

xiii.      "Third Party" means any natural person(s), partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.      **Scope of Confidentiality Order**

A.      This Confidentiality Order applies to and governs the use, production, storage, handling, and Disclosure of all Documents, information, things, electronically stored information, deposition testimony, responses to interrogatories, responses to requests for admission, Expert reports and supporting data, and other information—including all copies, excerpts, and summaries thereof—produced or supplied by any Party or any other individual or entity in connection with this Action (collectively, "Discovery Material"), by any Producing Party to any Receiving Party.  This Order is binding upon the Parties in this litigation, as well as their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

B.      The restrictions in this Confidentiality Order shall not apply to Documents or information that are publicly available or that any Party obtains independently outside the scope

of discovery in this Action from a Person lawfully in possession of those Documents or
information.

C.       Nothing in this Confidentiality Order shall affect any right of a Party or witness to
make any otherwise proper type of objection, claim, or response to discovery requests (including,
without limitation, interrogatories, requests for admission, requests for production, or questions
at deposition).

D.       This Confidentiality Order shall not be construed as a waiver by any Party of any
applicable privilege to withhold production of Discovery Material, or of any right which any
Party may have to assert such privilege at any stage of the litigation.

3.       **Documents Protected from Discovery**

A.       The production of Documents (including both Hard Copy Documents and
Electronically Stored Information) subject to protection by the attorney-client privilege and/or
protected by the work-product, joint defense, or other similar doctrine, or by another legal
privilege protecting information from discovery, shall not constitute a waiver of any privilege or
other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the
production after the Producing Party's discovery of the same.

B.       If any Receiving Party is in receipt of a Document from a Producing Party that the
Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take
reasonable steps to promptly notify the Producing Party of the production of that Document so
that the Producing Party may determine whether it wishes to have the Documents returned or
destroyed pursuant to this Stipulated Confidentiality Order.

C.       If the Producing Party notifies the Receiving Party that privileged materials
(hereinafter referred to as the "Identified Materials") have been Produced, or if the Receiving

Party has reason to believe material is privileged, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party, within 5 business days—with the exception of a single, segregated copy of the Identified Materials, for use solely in the event that the Receiving Party intends to challenge the Producing Party's classification of the Identified Materials as privileged. The Receiving Party agrees to use reasonable efforts to segregate Identified Materials and any notes or work product (or portions of work product) reflecting the contents of any Identified Materials and the Receiving Party will not review or use such segregated Identified Materials and/or work product except in connection with any challenge to the privilege designation, unless the Court determines the Identified Materials not to be privileged. The Identified Materials shall be deleted from any systems used to house the Documents, including document review databases, e-rooms, and any other location that stores the Documents, with the exception of the single segregated copy of the Identified Materials kept solely for purposes of potential challenge, and the original document production containing the privileged material, which shall be stored offline. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, and may use the single segregated copy of the Identified Materials kept for purposes of challenge solely for this purpose, but the basis for such a motion may not be the fact or circumstances of the Production. The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

D.      This stipulated agreement set forth in this section and its subparts does not constitute a concession by any Party that any Documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.  This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the Documents produced except to the extent stated in the agreement.

4.      **Confidentiality Designations**

If a particular Document has a confidentiality designation, the designation shall be stamped on the face of all pages of the Document in the lower left-hand corner of the Document or slipsheet for any Document produced in native format, or as close thereto as possible while preserving the underlying image.  If the Receiving Party believes that a confidentiality designation obscures the content of a Document, then the Receiving Party may request that the Document be produced with the confidentiality designation in a different position.  No Party may attach to any filing or any correspondence addressed to the Court (including any Magistrate Judge), or any adverse or third Party, or submit as an exhibit at a deposition or any other judicial proceeding, a copy (whether electronic or otherwise) of any Document produced in native format by any Party without ensuring that the corresponding Bates number and confidentiality legend, as designated by the Producing Party, appears on the Document.

5.      **Privileged Documents and Privilege Log**

A.      To the extent that a Producing Party reasonably determines that one or more Responsive Documents are not discoverable or a portion of a Document needs to be redacted because it is subject to the attorney-client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the

"Privileges" and each a "Privilege"), the Producing Party shall produce a log that treats each Document withheld or redacted for privilege from that Production separately and sets forth: (a) a sequential number associated with each privilege log record; (b) the Bates numbers of each Document redacted, or a numerical or other identifier for each Document withheld; (c) the nature of the privilege(s) or other protection claimed; (d) the date of the Document; (e) the name of the author(s)/addresser, addressee(s) and all recipients of the Document, and whether any person identified is an attorney or an employee of any entity's legal department; (f) the title of the document and/or subject line of the email as well as a description of the subject matter contained in the Document and the type of Document (e.g., letter, memorandum, handwritten notes) sufficient to allow the Receiving Party to assess the claimed Privilege and/or to allow the Court to rule upon the applicability of the claimed protection; and (g) the custodian and/or location of the Document.  For redacted Documents with multiple redactions, one log entry can be used to describe the multiple redactions, so long as a single entry is sufficient to adequately identify the basis for all redactions, as described in this paragraph.  Names of counsel shall be designated with an asterisk, but failure to so designate does not serve as a waiver of any privilege.  Privilege logs should be produced in Microsoft Excel format in order to enable the Receiving Party to apply filters, sort entries, and so on.  Each privilege log shall be produced as soon as possible following the production of documents in connection with which it was generated.

B.      Communications between a Party to the Action and its Outside Counsel need not be placed on a privilege log.

**6. <u>Redactions</u>**

A.      In addition to redactions based on Privilege, a Producing Party may redact highly sensitive personal information such as social security numbers, taxpayer-identification numbers,

driver's license numbers, passport numbers, financial-account numbers or other bank account information, personal passcodes, and HIPAA-Protected Information ("Protected Personal Information").

B.      A Party may not make redactions based on an assertion that the proposed redacted information is not relevant to the claims or defenses asserted in this Action if the Discovery Material is otherwise responsive to a discovery request. A Party may not make redactions that would alter or otherwise make unreadable the page upon which the redaction is applied.

C.      Parties may redact information pertaining to wholly separate products in therapeutic categories unrelated to Vascepa (icosapent ethyl) when that information is found in a discrete, separate section of any document or separate entries into a spreadsheet.

**7.      <u>Designation of Confidentiality</u>**

A.      **Types of Designation**

i.      Any Producing Party shall have the right to identify and designate as "Confidential" any Discovery Material that it reasonably and in good faith believes:

a.      Is not in the public domain or already publicly available;

b.      Constitutes, reflects, or discloses its confidential and proprietary information, including, but not limited to, trade secrets or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G);

c.      Constitutes, reflects, or discloses information protected by law, including, but not limited to, identifying personal information and personal financial information about any Party, any employee of any Party, or any Third Party to this Action (including, but not

limited to, name, Social Security numbers, home or business telephone numbers and addresses, medical information, documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Report Act, 15 U.S.C. § 1681a, and other sensitive personally identifiable information or other information for which federal or state law requires confidential treatment).

    ii.    In addition, any Producing Party shall have the right to identify and designate as "Highly Confidential" any Discovery Material that it reasonably and in good faith believes:

    a.    Meets the requirements for designation as "Confidential" as described in subsection A(i) above;

    b.    Is highly sensitive confidential or proprietary information such that it would, if Disclosed to another Party, Party's employees, or Party's In-House Counsel, have a substantial likelihood of compromising or jeopardizing that Party's business interests if it were designated as merely "Confidential".

    iii.    In addition, any Producing Party shall have the right to identify and designate as "Highly Confidential—Outside Counsel's Eyes Only" any Discovery Material that it reasonably and in good faith believes:

    a.    Meets the requirements for designation as "Confidential" and "Highly Confidential" as described in subsection A(i) and A(ii) above;

b.      Is highly sensitive confidential or proprietary information such that it would, if Disclosed to another Party, Party's employees, or Party's In-House Counsel, have a substantial likelihood of compromising or jeopardizing that Party's business interests if it were designated as merely "Highly Confidential"; and

c.      Contains or otherwise references non-public trade secrets or other current or prospective confidential research, development, commercial, financial information, or other highly sensitive information or data, the disclosure of which to another Party or Non-Party the Producing Party believes in good faith could create a substantial risk of competitive harm, e.g., documents that reflect contemporaneous or forward-looking  product development, forward-looking pricing and business strategy documents concerning a Party's particular product(s) or line of products, contemporaneous or forward-looking strategic planning information, transactional data, claims and reimbursement data, pricing and cost data and analyses, or sales information relating to specific customers or classes of customers or suppliers.  Before material is designated Highly Confidential—Outside Counsel's Eyes Only under this subsection, the designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential—Outside Counsel's Eyes

Only material as set forth herein.  Highly Confidential—Outside

Counsel's Eyes Only designations must be limited in scope.

   iv.  Any Party or any Third Party may designate Discovery Material produced

by another Party or Third Party as "Confidential," "Highly Confidential," or "Highly

Confidential—Outside Counsel's Eyes Only" if the Discovery Material contains the Party's or

Third Party's "Confidential," "Highly Confidential," or "Highly Confidential—Outside

Counsel's Eyes Only" information.  In that instance, the designating Party or Third Party shall be

deemed a Producing Party for the purposes of this Order.

   v.  Any production of a document by a Third Party without a confidentiality

designation or with a lower-tier confidentiality designation will not serve as a waiver of any

Confidential, Highly Confidential, or Highly Confidential—Outside Counsel's Eyes Only

designation by a Party that also produced the same or similar document.  On notification from a

Party, the other Parties will treat the document in accordance with its original Party designation

of Confidential, Highly Confidential, or Highly Confidential—Outside Counsel's Eyes Only.

Nothing in this paragraph shall be deemed to relieve any Third Party from complying with its

obligations under any agreement or court order that is otherwise applicable to that Third Party.

   B. **Exercise of Restraint and Care in Designating Material for Protection**

   Each Producing Party that designates information or items for protection under this Order

shall take reasonable efforts to limit any such designation to specific material that qualifies under

the appropriate standards.  To the extent it is practical to do so, the Producing Party must

designate for protection only those parts of Discovery Material that qualify so that other portions

for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Producing Party's attention that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

C.    **Method of Designation**

Any Discovery Material that is eligible for designation as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" within the meaning of Section 7(A) above may be so designated in the following ways:

i.    *Documents:* Any "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" Document shall be so designated by marking each page of the Document as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" as appropriate. If Documents are produced for inspection at a Producing Party's facilities, such Documents may be produced for inspection before being marked for designation, but all such Documents and information contained therein shall be presumed to be "Confidential," and any copies or other reproductions made at that time shall be treated as so designated. If specific Documents are designated for copying during such inspection, the Documents containing Confidential Information may be marked as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" after copying but before delivery to the Party who inspected and designated the Documents. There will be no waiver of confidentiality by the inspection of Discovery Material before it is copied and marked as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" pursuant to this procedure.

ii.    *Answers to Interrogatories and Responses to Requests for Admission*: Any "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only"

answers to interrogatories or responses to requests for admission shall be so designated by means of a statement within each of the answers or responses specifying that it is designated "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" in whole or in part, as appropriate. Any such statement asserting that parts of the answers or responses are "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" shall specify all parts that are subject to such designation and shall specify which designation applies to each such part.

     iii.    *Depositions and Deposition Exhibits*:

     a.    Any "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" Discovery Material provided or contained in deposition testimony or a deposition exhibit shall be so designated by a statement to such effect on the record and in the course of the deposition by counsel for the Producing Party or witness testifying, or alternatively, by letter from such counsel sent within thirty (30) days of receipt of the final deposition transcript or a copy thereof. Unless otherwise designated, for the entirety of the thirty-day period described above and the preceding time before receipt of the final transcript, the entire deposition testimony and transcript, including exhibits, shall be treated as "Highly Confidential—Outside Counsel's Eyes Only" under this Confidentiality Order.

     b.    If portions of a deposition transcript or deposition exhibits have been so designated, the front page of the original transcript and each copy thereof shall be marked "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" as appropriate. To the extent possible, the court reporter shall segregate into a separate transcript (the "Segregated Transcript") all information that has been designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only"

pursuant to the procedures outlined above.  The Segregated Transcript shall have page numbers that correspond to blank or redacted pages in the main transcript, and each such page will be marked "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" as appropriate.

        c.      If all or part of a videotaped or otherwise recorded deposition is designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only," the physical recording media, such as videotape, DVD, removable computer drive, or audio recording shall be labeled with the appropriate designation.

        d.      The Parties may show a Document marked Confidential or Highly Confidential to a witness during a deposition, at trial, or at any other proceeding in which testimony is offered in this Action if the witness authored or received a copy of the Document, or if there is a reasonable basis to believe that the witness (1) is employed by the Producing Party; (2) was employed by the Producing Party and was aware of, had responsibilities regarding, or was involved in the content discussed in the document, unless the witness is now, or has in the last 24 months been, employed by another pharmaceutical manufacturer, pharmacy benefit manager, or other customer or client or competitor of the Producing Party; or (3) in the case where the Producing Party is a Third Party, the witness is (a) currently employed by the Party whose current or former employee authored or received a copy of the Document, or (b) was employed by the Party whose current or former employee authored or received a copy of the Document, provided the witness first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order, unless the witness is now, or has in the last 24 months been, employed by another pharmaceutical manufacturer, pharmacy benefit manager, or other customer or client or competitor of the Party, or is currently in negotiations to work for any of

the aforementioned entities.  A Party may otherwise show such a document to a witness only if it secures written agreement from the Producing Party prior to the deposition.  To the extent a witness may not be shown a document under any of the grounds set forth in this Confidentiality Order and a Party believes it has a good faith basis for showing the witness the document, the Party and Producing Party shall meet and confer regarding such disclosure.  If agreement is not reached, nothing within this Confidentiality Order prohibits the Party from making an application to the Court to show the witness the document.

        iv.     *Tangible Items:* Any "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" non-documentary or tangible item shall be so designated by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored, or in some other reasonable manner, "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" as appropriate. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**8.**     <u>**Use of Confidential Information**</u>

Any Discovery Material produced in this Action, including, but not limited to, any Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" as provided in Section 7 of this Confidentiality Order, shall be used only for purposes of this Action.  Such Discovery Material shall not be used for any business, competitive, personal, private, or public purpose, or for any purpose other than this Action.  Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own Discovery Material for any purpose.  The

Producing Party may withdraw or modify any designation.  If the Producing Party makes any such withdrawal or modification, the Producing Party must notify the Receiving Party in writing as soon as reasonably possible.

**9.      Disclosure of Confidential Information**

A.      In the absence of written permission from the Producing Party or an order of the Court, access to information designated as "Confidential" shall be limited to and shall not be Disclosed to any Person other than:

i.      The Parties and Counsel for the Parties (including members, partners, of-counsel, or associates of such counsel's firm or the Parties' In-House Counsel), as well as any other licensed attorney retained to assist Outside Counsel in this Action, and such counsel's paralegal, investigative, secretarial, and clerical personnel who are assisting such counsel in this Action;

ii.      Qualified Persons taking or translating testimony or Documents involving such information and necessary stenographic and clerical personnel thereof, provided such Persons first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

iii.      Any outside photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Action, provided such Persons first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

iv.      Any Expert or consultant, or any employee of such Expert or consultant, who is not employed by or otherwise affiliated with any Party (or any parent, subsidiary, or affiliate of a Party) and is retained by counsel for a Party for the purposes of consulting or

testifying in this Action, provided the Expert or consultant first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

       v.      Any Person who in good faith is believed to have prepared, received, reviewed or was provided access to such Discovery Material prior to its production in this Action during a deposition of such person, provided that such person may not retain the Discovery Material after the deposition;

       vi.      This Court or any other Court exercising jurisdiction with respect to this Action, as well as Court personnel, jurors, and Persons recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action; and

       vii.      Any other Person to whom the Producing Party designating the Discovery Material as "Confidential" agrees in advance of the Disclosure, in writing or on the record, to Disclose it.

       B.      In the absence of written permission from the Producing Party or an order of the Court, access to information designated as "Highly Confidential" shall be limited to and shall not be Disclosed to any Person other than:

       i.      A Party's Outside Counsel (including members, partners, of-counsel, or associates of such counsel's firm), as well as any other licensed attorney, who is not In-House Counsel for a Party, that is retained to assist Outside Counsel in this Action, and such counsel's paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in this Action;

       ii.      In-House Counsel of the Receiving Party with responsibilities for the litigation of this Action.  Receiving Party shall promptly report any confirmed or suspected

unauthorized use or disclosure of Confidential or Highly Confidential Discovery Material to the Court, Producing Party, and any affected Non-Party.

        iii.      Qualified Persons taking or translating testimony or Documents involving such information and necessary stenographic and clerical personnel thereof, provided they first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

        iv.      Any outside photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Action, provided they first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

        v.      Any Expert or consultant, or any employee of such Expert or consultant, who is not employed by or otherwise affiliated with any Party (or any parent, subsidiary, or affiliate of a Party) and is retained by counsel for a Party for the purposes of consulting or testifying in this Action, provided they first execute a copy of the Certification attached as Exhibit A to this Confidentiality Order;

        vi.      Any Person who in good faith is believed to have prepared, received, reviewed or was provided access to such Discovery Material prior to its production in this Action during a deposition of such person, provided that such person may not retain the Discovery Material after the deposition;

        vii.      This Court or any other Court exercising jurisdiction with respect to this Action, as well as Court personnel, jurors, and Persons recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action; and

        viii.      Any other Person to whom the Producing Party designating the Discovery Material as "Highly Confidential" agrees in advance of the Disclosure, in writing or on the record, to Disclose it.

C.      In the absence of written permission from the Producing Party or an order of the Court, access to information designated as "Highly Confidential—Outside Counsel's Eyes Only" shall be limited to and shall not be Disclosed to any Person other than: A Party's Outside Counsel (including members, partners, of-counsel, or associates of such counsel's firm), as well as any other licensed attorney, who is not In-House Counsel for a Party, that is retained to assist Outside Counsel in this Action, and such counsel's paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in this Action. Material designated "Highly Confidential Material—Outside Counsel's Eyes Only" shall be governed in all respects by the provisions of Section 9.B. of this Confidentiality Order with one exception: unlike "Highly Confidential," material designated "Highly Confidential—Outside Counsel's Eyes Only" shall not be disclosed to In-House Counsel for the Parties under any circumstances.

D.      If a Party or its counsel needs for litigation purposes to give, show, make available, or communicate "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" Discovery Material to Persons other than those described in Sections 9(A), 9(B), and 9(C) above, that Party shall meet and confer with the Producing Party. If those Parties are subsequently unable to agree on the terms and conditions of such Disclosure, then Disclosure may only be made on such terms as the Court may order.

## 10.    **Effect of Designation**

A.      Any Party or counsel for a Party that wishes to Disclose any "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" Discovery Material in any papers filed with the Court in this Action shall take appropriate steps to protect the confidentiality of such information consistent with this Confidentiality Order and Local Civil Rule 5.3.

B.    This Order does not, by itself, authorize the filing of any Document under seal.

C.    A Party seeking to use "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" material in open court must make a good faith effort to notify the Producing Party as far in advance as reasonably possible.  Disputes as to the use of such material in open court shall be presented to the Court as soon as reasonably possible prior to the relevant hearing or trial.  In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a joint pretrial order in this Action, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of designated material at trial.  To the extent the Parties do not agree on a proposal, they may submit alternative proposals to the Court for resolution.

D.    Any Person who receives Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" is prohibited from disclosing it to any other Person except in conformance with this Confidentiality Order. Furthermore, any such Person shall maintain any such Discovery Material received in a secure area and shall exercise, at the very least, the same standard of due and proper care with respect to the storage, custody, use or dissemination of such Discovery Material as is exercised by the recipient with respect to its own proprietary information.  Any such standard shall, at the very least, be reasonably calculated to maintain the confidentiality of the Discovery Material.

E.    If Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" is Disclosed to any Person other than in accordance with this Confidentiality Order, the Party responsible for the Disclosure must immediately bring all pertinent facts relating to such Disclosure to the attention of the Producing Party.  The Party responsible for the Disclosure must also make every effort to retrieve the

improperly Disclosed information and to prevent further unauthorized Disclosure on its own part or on the part of the recipient of such Discovery Material. All such efforts shall be without prejudice to the rights and remedies of the Producing Party.

      F.    If, at any time, any Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" that is in the possession, custody, or control of any Person or entity other than the one making the designation is subpoenaed by any court, government agency, legislative body, or other Person or entity, the Party or entity to whom the subpoena or request is directed shall promptly provide written notice to the Producing Party. Such notice shall include the date set for the production of the subpoenaed information.

      i.    Within five business days of receipt of such notice, the Producing Party shall inform the subpoenaed Party or Person either that it does not object to production of the Discovery Material, or that it will seek court protection to prevent such production.

      ii.    If the Producing Party responds that it will seek court protection, then the subpoenaed Party or Person may not produce the Discovery Material unless the court denies such protection, or the Producing Party fails to move or otherwise petition the court for such protection prior to the return date of the subpoena. Notwithstanding the foregoing, nothing herein shall prevent the receiving Party from timely complying with a subpoena served by a governmental entity or court, or from complying with an order of a court.

      iii.    If the Producing Party responds that it will not seek court protection, then the subpoenaed Party or Person may produce the Discovery Material.

iv.      If the Producing Party fails to respond, the subpoenaed Party or Person may produce the Discovery Material after five business days following the designating Party's receipt of the subpoenaed Party or Person's written notice of the subpoena.

G.      When Discovery Material that has been designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" is to be referred to, discussed, or Disclosed in the course of a deposition in this Action, the Producing Party may require the exclusion from the proceedings of any Person who is not authorized to have access to the Discovery Material under the terms of this Confidentiality Order.  A Person otherwise authorized to be present at such a deposition may only be excluded from the deposition for the period of time in which such Discovery Material is being referred to, discussed, or Disclosed.

H.      Nothing in this Confidentiality Order shall be construed to restrict or limit the use by the Parties of Discovery Material designated as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" at any hearing or trial.  It is expected that such hearings and trial shall be the subject of a further confidentiality order or other appropriate Court orders.  Prior to any hearing or trial at which the use of such Discovery Material is anticipated, the Parties shall meet and confer regarding the use of such Discovery Material.  If the Parties cannot agree, then they shall promptly request the Court to rule on the appropriate procedures.

**11.    <u>Objections to Designation</u>**

A.      No Party is required to challenge the propriety of designating Discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" at the time such designation is made.  A failure to make a challenge at the time of designation shall not preclude a subsequent challenge thereto.

23

B.    If a Party objects to a designation pursuant to this Confidentiality Order, the objecting Party shall consult with the Producing Party to attempt to resolve the dispute.  If the Parties are unable to resolve the dispute, the objecting Party may move the Court for a ruling that the designation is improper.

C.    If such a motion is made, the Producing Party shall have the burden of establishing the propriety of the designation.  Any Discovery Material that is the subject of such a motion shall be treated in accordance with the requirements for the relevant designation until the Court issues its ruling on the motion.

D.    Nothing in this Confidentiality Order shall be construed to create a presumption in favor of confidentiality.

E.    If the Producing Party agrees to change or remove the designation, the Producing Party shall send a written notice of the change in designation to all other parties.

**12.    Client Consultation**

A.    Nothing in this Confidentiality Order shall prevent or otherwise restrict Outside Counsel from rendering advice to their clients in the Action and, in the course thereof, relying generally on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Discovery Material to persons not authorized to receive such material pursuant to this Confidentiality Order.

**13.    Return or Destruction of Designated Discovery Material**

A.    Within ninety days after the final resolution of this Action, all Discovery Material that is properly designated as "Confidential," "Highly Confidential," or "Highly Confidential— Outside Counsel's Eyes Only" shall be returned to counsel for the Producing Party or,

alternatively, shall be destroyed.  In addition, the Parties shall make reasonable best efforts to locate and destroy the portions of any Discovery Material that contains or reflects any references to, or mention of, Discovery Material that is designated "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only."  At the conclusion of the 90-day period, each Party shall certify, in writing, that all Discovery Material subject to this provision has been returned to counsel for the Producing Party or has been destroyed.

B.      Notwithstanding the above provision, counsel for the Parties shall be entitled to retain all pleadings, motion papers, discovery responses, affidavits, transcripts (of trial, depositions and hearings), legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, consultant and Expert work product, and the trial record and any other papers filed with the Court.

**14.     Correction of Designation**

A Producing Party that fails to designate Discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential—Outside Counsel's Eyes Only" at the time of its production shall be entitled to make a correction to its designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated.  Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the Document to reflect its altered confidentiality status and certify that the original and all copies of the Document have been appropriately marked or have been destroyed.  The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and Disclosure of any information

contained in the mis-designated materials.  Any challenge to the re-designation shall follow the procedure set forth above in Section 11 of this Order.

**15.**    **<u>Duration</u>**

This Confidentiality Order shall remain in force and in effect until modified, superseded, or terminated by consent of the Parties or by further order of this Court.  The obligations of this Confidentiality Order shall survive any termination or resolution of this Action.  This Court shall retain jurisdiction to enforce the provisions of this Confidentiality Order after final resolution of this Action.

Dated: January 2, 2025

**Counsel for Dr. Reddy's Laboratories, Inc.**

WINDELS MARX LANE & MITTENDORF LLC

By: s/ Frank D. Rodriquez
Frank D. Rodriguez
Stuart D. Sender
One Giralda Farms
Madison, NJ 07940
Telephone: (973) 966-3200
Facsimile: (973) 966-3250
frodriguez@windelsmarx.com
ssender@windelsmarx.com

*Of Counsel*:

WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation

| | |
|---|---|
| Seth C. Silber | Chul Pak |
| Brendan J. Coffman | WILSON SONSINI GOODRICH & |
| WILSON SONSINI GOODRICH & | ROSATI, P.C. |
| ROSATI, P.C. | 1301 6th Ave |
| 1700 K Street NW, 5th Floor | 40th Floor |
| Washington, DC 20006 | New York, NY 10019 |
| Telephone: (202) 973-8800 | Telephone: (212) 999-5800 |
| Facsimile: (202) 973-8899 | cpak@wsgr.com |
| ssilber@wsgr.com | |
| bcoffman@wsgr.com | |

**Counsel for Direct Purchaser Class Plaintiffs**

By: s/ Matthew F. Gately

| | |
|---|---|
| Matthew Gately | Linda P. Nussbaum |
| COHN LIFLAND PEARLMAN HERRMANN | Peter Moran |
| & KNOPF, LLP | NUSSBAUM LAW GROUP, P.C. |
| Park 80 West Plaza One | 1211 Avenue of the Americas, 40th Fl. |
| 250 Pehle Avenue, Suite 401 | New York, NY 10036 |
| Saddle Brook, New Jersey 07663 | Telephone: (917) 438-9189 |
| Telephone: (201) 845-9600 | lnussbaum@nussbaumpc.com |
| Facsimile: (201) 845-9423 | pmoran@nussbaumpc.com |
| mfg@njlawfirm.com | |

Michael L. Roberts
ROBERTS LAW FIRM US, PC
1920 McKinney Avenue, Suite 700
Dallas, TX 75201
Telephone: (501) 952-8558
mikeroberts@robertslawfirm.us

**Counsel for Indirect Purchaser Class Plaintiffs**

By: s/ James E. Cecchi

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY
& AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

Lee Albert
Brian Murray
Greg Linkh
Brian Brooks
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
bmurray@glancylaw.com
lalbert@glancylaw.com
glinkh@glancylaw.com
bbrooks@glancylaw.com

Lauren G. Barnes
Thomas M. Sobol
Abbye R. K. Ognibene
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com
abbyeo@hbsslaw.com

Joseph H. Meltzer
Terence S. Ziegler
Ethan J. Barlieb
Lauren M. McGinley
KESSLER TOPAZ MELTZER & CHECK, LLP
20 King of Prussia Road
Radnor, PA 19807
Telephone: (610) 667-7706
jmeltzer@ktmc.com
tziegler@ktmc.com
ebarlieb@ktmc.com
lmcginley@ktmc.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs and the Proposed Class*

John Radice
Kenneth Pickle
Daniel Rubenstein
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

Roberta D. Liebenberg
Adam J. Pessin
Mary L. Russell
FINE KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

jradice@radicelawfirm.com
kpickle@radicelawfirm.com
drubenstein@radicelawfirm.com

Kevin B. Love
Michael E. Criden
Lindsey C. Grossman
CRIDEN & LOVE, P.A.
7301 S.W. 57th Court, Suite 515
South Miami, FL 33143
Telephone: (305) 357-9000
Facsimile: (305) 357-9050
klove@cridenlove.com
mcriden@cridenlove.com
lgrossman@cridenlove.com

James R. Dugan, II
David S.
TerriAnne Benedetto
THE DUGAN LAW FIRM
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

John A. Macoretta
Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jmacoretta@srkattorneys.com
jkodroff@srkattorneys.com

rliebenberg@finekaplan.com
apessin@finekaplan.com
mrussell@finekaplan.com

Frank R. Schirripa
Kathryn A. Hettler
Seth M. Pavsner
HACH ROSE SCHIRRIPA & CHEVERIE LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028
fschirripa@hrsclaw.com
kh@hrsclaw.com
spavsner@hrsclaw.com

Joseph J. DePalma
Catherine B. Derenze
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 Broad Street, Suite 1200
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
cderenze@litedepalma.com

Mindee J. Reuben
Steven J. Greenfogel
LITE DEPALMA GREENBERG & AFANADOR, LLC
1835 Market Street, Suite 2626
Philadelphia, PA 19103
mreuben@litedepalma.com
sgreenfogel@litedepalma.com
Telephone: (267) 519-8306
Facsimile: (973) 623-0858

*Interim Executive Committee Counsel for Indirect Purchaser Plaintiffs and the Proposed Class*

**Counsel for Hikma Pharmaceuticals USA, Inc.**

/s/ James S. Richter

James S. Richter                         Michael P. Mayer
MIDLIGE RICHTER LLC                      Chuck Klein
645 Martinsville Road                    Nathan Garg
Basking Ridge, NJ 07920                  Mia Uhunmwuangho
Telephone: (908) 626-0622                WINSTON & STRAWN LLP
jrichter@midlige-richter.com             1901 L Street NW
                                         Washington, DC 20036
                                         hlamberg@winston.com
                                         cklein@winston.com
                                         ngarg@winston.com
                                         muhunmwuangho@winston.com


**Counsel for Teva Pharmaceuticals USA, Inc.**

/s/ Liza M/ Walsh

Liza M. Walsh                            Devora W. Allon, P.C.
Jessica K. Formichella                   Gilad Bendheim
WALSH PIZZI O'REILLY FALANGA LLP         KIRKLAND & ELLIS LLP
Three Gateway Center                     601 Lexington Ave.
100 Mulberry Street, 15th Floor          New York, NY 10022
Newark, NJ 07102                         Telephone: (212) 446 5967
Telephone: (973) 757-1100                devora.allon@kirkland.com
lwalsh@walsh.law                         gilad.bendheim@kirkland.com
jformichella@walsh.law
                                         James R.P. Hileman
                                         KIRKLAND & ELLIS LLP
                                         333 West Wolf Point Plaza
                                         Chicago, IL 60654
                                         Telephone: (312) 862 7090
                                         james.hileman@kirkland.com


**Counsel for Apotex Inc.**

/s/ Christopher J. Dalton

Christopher J. Dalton                    Jonathan D. Janow
Melissa J. Bayly                         BUCHANAN INGERSOLL & ROONEY PC
BUCHANAN INGERSOLL & ROONEY PC           1700 K St. N.W., Suite #300
550 Broad Street, Suite 810              Washington, DC 20006-3807

Newark, NJ 07102-4582                        Tel: (202) 452-7900
Tel: (973) 273-9800                          Fax: (202) 452-7989
Fax: (973) 273-9430                          Email: jonathan.janow@bipc.com
Email: christopher.dalton@bipc.com
        melissa.bayly@bipc.com

Mark A. Kasten                               Lloyd Smith
Carrie G. Amezcua                            Jacob M. Adams
BUCHANAN INGERSOLL & ROONEY PC               BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place                            1737 King Street, Suite 500
50 S. 16th Street, Suite 3200                Alexandria, Virginia 22314
Philadelphia, PA 19102                       Tel.: (703) 836-6620
Tel: 215-665-8700                            Fax: (703) 836-2021
Fax: 215-665-8760                            Email: lloyd.smith@bipc.com
Email: mark.kasten@bipc.com                          jake.adams@bipc.com


**Counsel for KD Pharma-Bexbach GmbH, KD Swiss, GmbH, Marine Ingredients, LLC, Innova Softgel, LLC and O3 Holding GmbH**

By: s/   Francis X. Nolan, IV


Francis X. Nolan, IV                         James R. McGibbon
Ronald W. Zdrojeski                          EVERSHEDS SUTHERLAND (US) LLP
Jocelyn M. Weinstein                         999 Peachtree Street NE, Suite 2300
EVERSHEDS SUTHERLAND (US) LLP                Atlanta, GA 30309
The Grace Building, 40th Floor               (404) 853-8000
1114 Avenue of the Americas                  jimmcgibbon@eversheds-sutherland.com
New York, NY 10036
(212) 389-5000
franknolan@eversheds-sutherland.com
ronzdrojeski@eversheds-sutherland.com
jocelynweinstein@eversheds-sutherland.com


**Counsel for Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc**

By: s/ William C. Baton

Charles M. Lizza                             Timothy C. Hester
William C. Baton                             Ashley E. Bass
Alexander L. Callo                           COVINGTON & BURLING LLP
SAUL EWING LLP                               One CityCenter
One Riverfront Plaza                         850 Tenth Street NW

1037 Raymond Blvd., Suite 1520                Washington, D.C. 20001
Newark, NJ 07102                              Telephone: (202) 662-6000
(973) 286-6700                                Facsimile: (202) 778-6000
wbaton@saul.com                               thester@cov.com
                                              abass@cov.com


                                    **s/Tonianne J. Bongiovanni**
                                    HON. TONIANNE J. BONGIOVANNI, U.S.M.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. REDDY'S LABORATORIES INC., | Docket No.: 21-10309 (RK)(TJB) |
| Plaintiff, | |
| | **(Filed electronically)** |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |
| IN RE: VASCEPA ANTITRUST LITIGATION | Master Docket No.: 21-12061 (RK)(TJB) |
| HIKMA PHARMACEUTICALS USA INC., | |
| Plaintiff, | Docket No.: 23-01016 (RK)(TJB) |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |
| TEVA PHARMACEUTICALS USA INC., | |
| Plaintiff, | Docket No.: 24-04341 (RK)(TJB) |
| v. | |
| AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, | |
| Defendants. | |

APOTEX INC.,

              Plaintiff,

Docket No.: 24-07041 (RK)(TJB)

v.

AMARIN PHARMA, INC., AMARIN
PHARMACEUTICALS IRELAND LIMITED,
AMARIN CORPORATION PLC, KD
PHARMA-BEXBACH GMBH, KD SWISS
GMBH, MARINE INGREDIENTS, LLC,
INNOVA SOFTGEL, LLC, 03 HOLDING
GMBH, AND CAPITON AG,

              Defendants.

This Document Relates to:
*All Actions*

**AMENDED CONFIDENTIALITY ORDER**

## CERTIFICATION

1.      My name is _____

2.      I live at _____

_____

3.      I am employed as _____,

and my employer is (name and address): _____

_____

4.      I have received and read a copy of the Confidentiality Order that has been entered in this Action.  I understand the provisions of this Order, and I agree to comply with, and to be bound by, its provisions.  I also consent to the jurisdiction of this Court with respect to enforcement of this Order.

5.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ by _____

Signed: _____