Charles M. Lizza
William C. Baton
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
(973) 286-6700

*Attorneys for Defendants*
*Amarin Pharma, Inc., Amarin Pharmaceuticals*
*Ireland Limited, and Amarin Corporation plc*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. REDDY'S LABORATORIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AMARIN CORPORATION PLC,<br><br>    Defendants. | Civil Action No.: 21-10309 (RK)(TJB)<br><br>(Filed Electronically) |
| IN RE: VASCEPA ANTITRUST LITIGATION<br><br>This Document Relates to:<br>*All Actions* | Civil Action No. 21-12061 (RK)(TJB)<br>Civil Action No. 21-12747 (RK)(TJB) |
| HIKMA PHARMACEUTICALS USA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC,<br><br>    Defendants. | Civil Action No. 23-1016 (RK)(TJB) |

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br><br>                             Plaintiff, <br><br>v. <br><br>AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, <br><br>                           Defendants. | Civil Action No. 24-4341 (RK)(TJB) |
| APOTEX INC., <br><br>                           Plaintiff, <br><br>v. <br><br>AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AMARIN CORPORATION PLC, KD PHARMA-BEXBACH GMBH, KD SWISS GMBH, MARINE INGREDIENTS, LLC, INNOVA SOFTGEL, LLC, 03 HOLDING GMBH, and CAPITON AG, <br><br>                           Defendants. | Civil Action No. 24-7041 (RK)(TJB) |

## ORDER TO SEAL

**THIS MATTER** having come before the Court pursuant to the motion of Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin") and Teva Pharmaceuticals USA Inc. ("Teva") (collectively, "the Parties") pursuant to Local Civil Rule 5.3(c), to seal confidential information from certain portions of the transcript of the July 28, 2025 hearing before Hon. Tonianne J. Bongiovanni, U.S.M.J. (*see* ECF No. 216 in C.A. No. 21-10309) (which are identified with particularity in the

index attached to the Declaration of Alexander L. Callo, counsel for Amarin, submitted with the motion to seal and the Declaration of Liza M. Walsh, counsel for Teva) [hereinafter, the "Confidential Materials"]; and the Court having considered Amarin's written submissions, including the Declaration of Alexander L. Callo, counsel for Amarin and the Declaration of Liza M. Walsh, counsel for Teva; and the Court having determined that these actions involve allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1.    The information that the Parties seeks to seal has been designated as "HIGHLY CONFIDENTIAL" under the stipulated Confidentiality Order entered by this Court (*see* ECF No. 188 in C.A. No. 21-10309) ("CO").

2.    By designating the material as "HIGHLY CONFIDENTIAL" under the CO, the Parties have represented that the Confidential Materials disclose highly sensitive "confidential and proprietary information, including, but not limited to, trade secrets or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G)" as well as the details of a confidential settlement agreement protected by a confidentiality clause executed by Teva and the Defendants in connection with a prior lawsuit (the "Settlement Agreement").

3.    This is a complex antitrust action.  As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential trade secret, research, development, and/or commercial information of the parties.  The material identified herein contains information designated by the Parties as "HIGHLY CONFIDENTIAL" and includes its highly sensitive

confidential commercial information, including details of the confidential Settlement Agreement protected by a confidentiality clause. *See id.*

4.    By designating this information "HIGHLY CONFIDENTIAL," it is apparent that the Parties have indicated that the public disclosure of this information would be detrimental to their business. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the Confidential Materials.

5.    The Parties' request is narrowly tailored to only the information designated as "HIGHLY CONFIDENTIAL" contained in the above materials.

## CONCLUSIONS OF LAW

6.    Upon consideration of the papers submitted in support of the motion, and the information that the Parties have designated as "HIGHLY CONFIDENTIAL," the Court concludes that the Parties have met their burden of proving, under Local Civil Rule 5.3 and applicable case law, that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in

- 4 -

the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, this District has held that the inclusion of confidential information in documents warrants the sealing of such documents. This Court has permitted the sealing of confidential settlement information, including confidential settlement communications and negotiations. *See, e.g., Horizon Pharma, Inc. v. Lupin Ltd.*, No. 11-2317, 2017 WL 5068547, at *1 (D.N.J. Mar. 8, 2017) (permitting sealing of confidential settlement information pursuant to F.R.E. 408); *Morgan v. Wal-Mart Stores, Inc.*, No. 14-4388, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015) (granting motion to seal confidential settlement negotiations and confidential settlement amounts); *Galluccio v. Pride Indus., Inc.*, No. 15-03423, 2020 WL 3496914, at *3 n.3 (D.N.J. June 29, 2020) (permitting sealing of settlement offer).

7.     Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available. Specifically, the Court concludes that: (a) the materials contain confidential information concerning the Parties' businesses, including details of the confidential Settlement Agreement protected by a confidentiality clause; (b) the Parties have a legitimate interest in maintaining the confidentiality of the information to protect its disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to the Parties'

financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

8.      The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this 21st day of October, 2025:

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that Amarin and Teva's joint Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Materials to be sealed permanently and the Clerk shall take such other steps as may be reasonably required to maintain the confidentiality of the Confidential Materials; and

**IT IS FURTHER ORDERED** that the parties shall provide a copy of this Order to the Transcriber within 7 days of the date of this Order.

HON. TONIANNE J. BONGIOVANNI, U.S.M.J.

[Docket Entry No. 217 in Civil Action No. 21-10309 is terminated.]
[Docket Entry No. 202 in Civil Action No. 21-12061 is terminated.]
[Docket Entry No. 162 in Civil Action No. 21-12747 is terminated.]
[Docket Entry No. 100 in Civil Action No. 23-1016 is terminated.]
[Docket Entry No. 110 in Civil Action No. 24-4341 is terminated.]
[Docket Entry No. 158 in Civil Action No. 24-7041 is terminated.]